UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-21103-Civ-WILLIAMS/TORRES

PHARMA FUNDING, LLC,

    Plaintiff,

v.

FLTX HOLDINGS, LLC *et al.*,

    Defendants.

_____/

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR SANCTIONS AND DEFAULT JUDGMENT**

This matter is before the Court on Pharma Funding, LLC's ("Plaintiff") motion for Rule 37 sanctions and entry of final default judgment against FLTX Holdings, LLC, Reem Pharmacy, Inc., Sheefa Pharmacy, Inc., A&K Pharmacy, LLC, Kenneth Tripoli ("Mr. Tripoli"), and Jeremy David Klein ("Mr. Klein") (collectively, "Defendants"). [D.E. 34]. No response was filed in opposition and the time to do so has passed. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion, relevant authority, and for the reasons discussed below, Plaintiff's motion for additional Rule 37 sanctions should be **GRANTED**.[1]

---

[1] On December 21, 2020, the Honorable Kathleen Williams referred Plaintiff's motion to the undersigned Magistrate Judge for disposition. [D.E. 36].

1

## *I. BACKGROUND*

Plaintiff filed this action on March 12, 2020, alleging that the corporate defendants executed a promissory note in the amount of $3,973,110.28.  [D.E. 1]. The note required 1,248 weekly payments of $15,000 beginning on September 30, 2019.  The corporate defendants defaulted on the note when they failed to make the first payment and any payment thereafter.  Plaintiff accelerated payment of the note and, as of July 31, 2020, the corporate defendants owe a balance of $4,204,489.59.  Plaintiff claims that Mr. Tripoli and Mr. Klein personally guaranteed the payments and defaulted on their obligations.  Therefore, the amended complaint includes causes of action for breach of a loan agreement, breach of a promissory note, civil theft, conversion, breach of a personal guarantee, and constructive trust.  [D.E. 8].

## *II. APPLICABLE PRINCIPLES AND LAW*

The Federal Rules of Civil Procedure provide the Court with the authority to impose a variety of sanctions on a party who fails to comply with a discovery order.  *See* Fed. R. Civ. P. 37(b)(2)(A).  Specifically, the Court may impose one or more of the following sanctions:

> (i) Directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) Prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) Striking pleadings in whole or in part;
> (iv) Staying further proceedings until the order is obeyed;

2

>   (v) Dismissing the action or proceeding in whole or in part;
>   (vi) Rendering a default judgment against the disobedient party;
>   (vii) Treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

*Id.* "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374-75 (11th Cir. 1999) (citation omitted). The Court enjoys "broad discretion to fashion appropriate sanctions for violation of discovery orders[.]" *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993).

However, "in fashioning sanctions, courts should ensure that the sanctions are just and proportionate to the offense." *Wallace v. Superclubs Props., Ltd.*, 2009 WL 2461775, at *5 (S.D. Fla. Aug. 10, 2009) (internal quotation marks and citations omitted). The "severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *U.S. v. 32%2C Scorpion Go-Fast Vessel*, 339 F. App'x 903, 905 (11th Cir. 2009) (noting that the court is not required to first impose lesser sanctions if doing so would be ineffective) (citation and quotations omitted); *see also Griffin v. Aluminum Co. of Am.*, 564 F.2d 1171, 1172 (5th Cir. 1977) ("Dismissal of a complaint with prejudice is such a drastic remedy that a district court should apply it only in extreme circumstances.") (citations omitted).[2] Further, dismissing the action or rendering a default judgment pursuant to Rule 37(b) is justified only if a

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

party willfully or in bad faith failed to obey a court order. *See id.* (discussing the sanction of dismissal) (citation omitted); *Fountain v. U.S.*, 725 F. App'x 891, 893 (11th Cir. 2018) (discussing the sanction of dismissal and noting that a party's disregard of responsibilities also justifies dismissal) (citation omitted); *Maus v. Ennis*, 513 F. App'x. 872, 878 (11th Cir. 2013) (discussing the sanction of default judgment) (citation omitted). A dismissal or default judgment is not justified if the party's failure to comply was the result of simple negligence, a misunderstanding, or an inability to comply. *See 32%2C Scorpion Go-Gast Vessel*, 339 F. App'x at 905 (discussing the sanction of dismissal) (citation omitted); *Maus*, 513 F. App'x at 878 (discussing the sanction of default judgment) (citation omitted).

### III. ANALYSIS

Plaintiff's motion requests additional Rule 37 sanctions because Defendants have continued to violate court orders that have now frustrated Plaintiff's ability to obtain the necessary evidence to litigate this case. On July 21, 2020, Plaintiff served Defendants with interrogatories, requests for production, and requests for admission.[3] When Defendants failed to respond, Plaintiff filed a motion to compel and the Court scheduled the matter for a telephonic discovery hearing set for October 15, 2020. [D.E. 29]. Less than ten minutes before the hearing was set to begin, Defendants notified Plaintiff and the Court that they agreed to an order granting Plaintiff's motion to compel. [D.E. 25]. The undersigned subsequently

---

[3] Plaintiff's discovery requests sought banking information in an attempt to determine if Defendants diverted any funds.

entered a paper order that required Defendants to produce full, complete, non-evasive answers, without objection on or before October 22, 2020 to Plaintiff's first set of interrogatories and first request for production. [D.E. 32 at 1]. The undersigned awarded Plaintiff reasonable attorney's fees for Defendants' failure to respond and cautioned Defendants that "[f]ailure to comply with this Order shall also be grounds for entry of additional Rule 37 relief including, if necessary, [the] striking of evidence or pleadings." *Id*. at 2.

Since that time, Plaintiff alleges that Defendants have failed to comply with that discovery order in all respects. Plaintiff claims that, as a result of that failure, it is unable to comply with the Court's remaining deadlines to determine, for example, if there is any need for an amendment to the pleadings or if additional parties need to be added. If Defendants had complied with their discovery obligations, Plaintiff believes that it would have been able to obtain a list of all relevant witnesses and other banking information to determine if Defendants wrongfully diverted funds.[4] But, since both of those deadlines have now passed, Plaintiff suggests that it has suffered severe prejudice in litigating this case.

Plaintiff also argues that Defendants failed to comply with another deadline because, on August 21, 2020, Plaintiff filed a motion for partial motion for summary judgment. [D.E. 22]. On September 23, 2020, the Court acknowledged that

---

[4] The Court extended the deadline to amend pleadings or join parties to October 28, 2020, and the deadline to disclose experts and expert summaries/reports to November 26, 2020. [D.E. 31].

5

Defendants failed to respond as required under the Court's Local Rules. The Court gave Defendants until 5 p.m. on September 28, 2020 to file a response and cautioned Defendants that, if they failed to do so, Plaintiff's statement of material facts would be admitted. [D.E. 26 (citing *Wright v. Prine*, 2017 WL 776084, at *2 (M.D. Ga. Feb. 28, 2017) ("Because Plaintiff has failed to respond entirely, the Court deems admitted Defendants' statement of facts."))]. Defendants never filed a response.

In addition, Plaintiff contends that Defendants violated the Court's Scheduling Order because it required the parties to file their fact witness disclosures on August 31, 2020. [D.E. 24 at 1 ("The Parties shall furnish lists with names and addresses of fact witnesses in accordance with Rule 26 of the Federal Rules of Civil Procedure.")]. Plaintiff timely filed its disclosure on that date, but Defendants failed to do so and never filed a motion for an extension of time, or an explanation for the non-compliance. Because Defendants violated a discovery order, the Court's Scheduling Order, and the Local Rules, Plaintiff seeks additional Rule 37 sanctions.

Rule 37 gives district courts broad discretion to fashion appropriate sanctions for the violation of court orders. Courts have required, however, a showing of willfulness or bad faith before imposing the sanction of a default judgment or dismissal. *See Malautea*, 987 F.2d at 1542. So, because default judgment or dismissal is such a severe sanction, it is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with a court order. *Id*. Of course, a court may impose lesser sanctions without a showing of willfulness or bad faith on

6

the part of the disobedient party. To impose a sanction for default judgment, a district court must also determine that lesser sanctions would not serve the interests of justice. *See Rasmussen v. Cent. Fla. Council BSA, Inc.*, 412 F. App'x 230, 232 (11th Cir. 2011). And finally, prior to entering final default judgment, the "court must investigate the legal sufficiency of the allegations and ensure that the complaint states a plausible claim for relief." *Hill v. Duscio*, 292 F. Supp. 3d 1370, 1375 (N.D. Ga. 2018) (citing *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005)).

The sanction of default judgment is appropriate here because the Court already imposed fees and costs against Defendants when they failed to respond to Plaintiff's discovery requests. That court order was entered over two months ago, and there is no evidence that Defendants have done anything to comply with their discovery obligations. Defendants also violated the Court's Scheduling Order when they failed to file their fact witness disclosure. And then Defendants doubled down on those actions when they failed to file a response to Plaintiff's motion for partial summary judgment, and the pending motion for sanctions. The Court is therefore left with nothing but an unrebutted record that shows a series of noncompliance with court orders. Other courts have found willfulness and bad faith on a similar set of facts because – where parties are given multiple opportunities to comply with court orders and fail to do so – the actions are no longer negligence, a misunderstanding, or an inability to comply, but actions that are deliberate and

7

intentional. *See, e.g., United States v. One 32' Scorpion Go-Fast Vessel,* 339 F. App'x 903, 904-906 (11th Cir. 2009) (approving the sanction of dismissal where claimant willfully failed to comply with a discovery order); *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987) (holding that the district court did not abuse its discretion when it granted plaintiff's motion to strike defendant's answer because defendant failed multiple times to make discovery appearances and disregarded the court's order to compel discovery); *Albright v. BellSouth Advertising & Publishing Corp.,* 2007 WL 2917567, at *3 (N.D. Ga. Oct. 5, 2007) (dismissing plaintiff's complaint where plaintiff failed to attend her deposition and then again failed to appear in defiance of a court order);

The Court also finds that lesser sanctions would not serve the interests of justice because Defendants' conduct has been ongoing for several months and remains unabated without any explanation. See *Pickett v. Exec. Preference Corp.,* 2006 WL 2947844, at *2 (M.D. Fla. Oct.16, 2006) ("As it is plain that Defendant . . . has abandoned its defense and has failed to comply with a Court Order . . . [the Court will] strike its pleadings, and enter a default against it. Absent any indication that the corporation intends to participate in this case, no lesser sanction will suffice."); *see also Adolph Coors Co. v. Movement Against Racism and the Klan,* 777 F.2d 1538, 1543 (11th Cir. 1985) (holding that where defendants made clear that under no circumstances would they comply with the court's order, the only effective remedy was the entry of a default judgment and assessment of

8

damages). Indeed, lesser sanctions have already proven to be ineffective and anything else under Rule 37 – except for outright dismissal – would be a waste of time when it is evident from the record that Defendants have abandoned their defense of this action and have no intention of ever complying with their discovery obligations, or other requirements pursuant to the Court's Scheduling Order.

To be sure, "Rule 37, on its face, does not require that a court formally issue an order compelling discovery before sanctions are authorized," but the Eleventh Circuit has warned that "sanctions as draconian as [entry of a default judgment] for discovery violations under Rule 37 must be preceded by an order of the court compelling discovery, the violation of which might authorize such sanctions." *United States v. Certain Real Prop. Located at Route 1,* 126 F.3d 1314, 1317-18 (11th Cir. 1997). That requirement has been met because the Court compelled Defendants to comply with a discovery order, gave them an extension of time to respond to the motion for partial summary judgment, and extended pretrial deadlines – only for Defendants to violate court orders and fail to respond to pending motions. Therefore, while default judgment is an extraordinary remedy, it is not an abuse of discretion if the Court forewarns a party of the consequences and the misconduct occurs anyway. *See, e.g.*, *Fountain*, 725 F. App'x at 893 ("The district court did not abuse its discretion in dismissing Fountain's suit. The court informed her that she must comply with the government's discovery requests, attend any depositions, and answer questions at her deposition. It warned her

that failing to cooperate could result in sanctions, including dismissal of her case.") (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") (citing cases)).

The only question remaining is whether the allegations in Plaintiff's amended complaint, if accepted as true, are sufficient to establish liability. In other words, before entering final default judgment, the Court must ensure that it has jurisdiction of the claims presented and that the pleading adequately states a claim for which relief may be granted. *See Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997); *see also GMAC Commercial Mortgage Corp. v. Maitland Hotel Assocs., Ltd.,* 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) ("A default judgment cannot stand on a complaint that fails to state a claim.") (citations omitted). Plaintiff did not provide any substantive reasons with respect to the allegations in the amended complaint nor did it present a specific amount in fees and costs. Both of these items can, of course, be supplemented in a separate motion, where Plaintiff can present all the reasons each count should be granted and file an affidavit setting forth the requested costs and fees for the Court's consideration. Accordingly, Plaintiff's motion for additional Rule 37 sanctions should be **GRANTED** and Plaintiff should be given leave to file a supplemental motion for final default judgment, including any request for fees and costs.

## *IV. CONCLUSION*

For the foregoing reasons, Plaintiff's motion for additional Rule 37 sanctions should be **GRANTED**. Plaintiff should file a supplemental motion for final default judgment within fourteen (14) days from the date the District Judge adopts this Report and Recommendation. That motion should set forth the substantive reasons Defendants are liable on each count in the amended complaint and include any fees and costs for the Court's consideration.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 28th day of December, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge