# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# (MIAMI DIVISION)

Civil Action No. 20-cv-21103-WILLIAMS/Torres

PHARMA FUNDING, LLC., a Delaware
limited liability company,

        Plaintiff,

vs.

FTLX HOLDINGS, LLC, etc., et al.

        Defendants.
_____/

## PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT

Plaintiff, PHARMA FUNDING, LLC ("Pharma Funding") moves for the entry of a final default judgment against all Defendants[1] and states:

## BACKGROUND

1. On December 28, 2020, the Magistrate Judge entered his Report and Recommendation on Plaintiff's Motion for Sanctions and Default Judgment (DE 37) (the "Report").

2. For the reasons stated therein, including Defendants' failure and refusal to comply with multiple court orders and that they "have no intention of ever complying with their discovery obligations or other requirements pursuant to the Court's Scheduling Order, the Report recommended that Plaintiff's Motion for Additional Rule 37 Sanctions be granted and that a default judgment be entered against them (DE 37 at p. 9).

---

[1] Defendants FLTX Holdings, LLC, Reem Pharmacy, Inc., Sheefa Pharmacy, Inc., A & K Pharmacy, LLC are collectively referred to herein as "Corporate Defendants." Defendants Kenneth Tripoli and Jeremy David Klein are referred to collectively as "Individual Defendants" or as "Tripoli" or "Klein" when referred to individually.

3. The District Judge adopted the Report on January 12, 2021 (DE 41) stating, "By no later than January 26, 2021, Plaintiff shall file a motion for final default judgment against Defendants and serve it in accordance with Rule 55(b)(2) of the Federal Rules of Civil Procedure."

## MEMORANDUM OF LAW

### Standards to Support Default Judgment.

A motion for default judgment should be supported by a memorandum of law that shows how the well-pleaded allegations of the complaint establish each of the elements of the claims for which Plaintiff seeks default judgment. *Secy of Labor v. General Projection Systems,* 2018 WL 8129782 *2 (MD Fla. 2018).

By their default, Defendants admit the well-pleaded allegations of fact. *Nishimatzu Const. Co. v. Houston Nat. Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975); *Miller v. Paradise of Ft. Richey,* 75 F.Supp.2d 1342, 1346 (M.D. Fla. 1999), *citing Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987). The Court must determine whether those allegations are sufficient to establish liability and damages. *Huddleston v. Smith,* 2010 WL 1410556 (N.D. Ga 2010) *1, *citing Nishimatzu*, *supra*.

### Allegations Regarding Jurisdiction and Venue

The jurisdictional allegations are set forth in paragraphs ("¶") 1-2 of the Amended Complaint[2] (DE 8). Jurisdiction exists under 28 U.S.C. §§1332(a) because there is diversity of citizenship, and the Plaintiff is entitled to judgment that exceeds $75,000, exclusive of interest,

---

[2] All references to paragraph numbers and Exhibits designated by letters (DE 8-1 through 8-7) are from the Amended Complaint ("Am. Comp."). Exhibits designated by numbers are exhibits to this motion.

costs and attorneys' fees. (Am. Comp. ¶¶ 1-2).[3] These allegations are admitted in the Answer & Affirmative Defenses to the Am. Comp. (DE. 9)("Answer"). Venue is proper in this district pursuant to 29 U.S.C. §§1391(b)(2) because a substantial part of the claims occurred in the Southern District of Florida. (¶¶ 3-4). Service of process was accomplished on all Defendants by process server, acceptance of service by their attorney and by their filing Answers and Affirmative Defenses.

**Choice of Law**

"In a diversity case involving the interpretation of a contract, we apply the substantive law of the forum state, including its choice-of-law rules." *McClane FoodService, Inc. v. Table Rock Restaurants, L.L.C.*, 2013 WL 6050127, at *2 (5th Cir. 2013) (citing *Godchaux v. Conveying Techniques, Inc.*, 846 F.2d 306, 314 (5th Cir. 1988)). Pursuant to Article VII, Section 7.07 of the Loan Agreement, the Loan Agreement shall be governed and construed in accordance with the laws of the State of California (DE 8-5). Pursuant to Article III, Section 3.01 of the Personal Guarantee, it shall be governed by and construed in accordance with the laws of the California. (Am Comp. DE 8-7). Therefore, the claims at bar are governed by California law.[4]

**Count I – Breach of Loan Agreement – Corporate Defendants.**

The well-pleaded allegations of Count I establish the factual basis for liability for a breach of the loan agreement between the parties and damages for a liquidated sum.

  **a. Elements**

Under California law, the elements of a cause of action for breach of contract are (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3)

---

[3] *See* Am. Compl. ¶¶ 5, 7, 10, 13, 16, 18 and 19 for specific allegations of residences and principal places of business for each of the Defendants. *See also* ¶¶ 40, 56, 62, 85 and 95 alleging Defendants' obligation to Plaintiff of $ 3,973,110.28.

[4] The exception to this rule is for the Constructive Trust claim that is discussed, *infra.*

3

defendant's breach; and (4) resulting damages to the plaintiff. *See Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821, 250 P.3d 1115, 1121 (2011).

### b. Well-Pleaded Allegations

The well-pleaded factual allegations of the Amended Complaint proving the elements of breach of the Loan Agreement cause of action are:

(1) On September 17, 2019, Plaintiff entered into a Loan Agreement and Promissory Note with Corporate Defendants and a Personal Guarantee with Defendants Tripoli and Klein that collectively replaced the original agreements. (¶¶ 42, 48 and Am. Compl. Exhibits DE 8-5, 8-6 and 8-7, respectively);

(2) Plaintiff's performance, in that all conditions precedent to bringing this lawsuit have occurred, been performed or have been waived by Defendants (¶ 45);

(3) Corporate Defendants, individually and collectively, have defaulted on, and are in breach of the Loan Agreement (¶¶ 52-53);

(4) Under Section 6.02 of the Loan Agreement, in the event the Corporate Defendants defaulted on the amount due and owing, Plaintiff may elect to declare all outstanding indebtedness to be immediately due and payable. (¶ 51). Plaintiff made that election ¶55; and

(4) These breaches proximately caused, and were a substantial factor, in causing damages to Plaintiff in the sum of $3,973,110.28 (¶¶ 54, 56) plus attorney's fees (¶¶ 56-57) and costs.

### Count II – Breach of Promissory Note – Corporate Defendants.

### a. Elements

Under California law, a cause of action for nonpayment on a promissory note is one for breach of contract. *Poseidon Development, Inc. v. Woodland Lane Estates, LLC*, 152 Cal. 4th 1106, 1109 (2007). The elements of a cause of action for breach of contract under California law are set forth on page 4 above and incorporated into this section.

4

"[A] promissory note stands on its own and establishes the plaintiff's right to payment." *Crotona 1967 Corp. v. Vidu Bros. Corp.*, 925 F. Supp. 2d 298, 307 (E.D.N.Y. 2013). Once that prima facie case has been made, the plaintiff is entitled to judgment as a matter of law unless the defendant can establish a defense." *First Citizens Bank and Trust Co. v. River Walk Farm, L.P.*, 620 Fed. Appx. 811, 813 (11th Cir. 2015).

### b. Well-Pleaded Allegations

The well-pleaded allegations of the Amended Complaint. proving the elements of recovery on the Promissory Note are:

(1) On September 17, 2019, Corporate Defendants executed the Promissory Note. Plaintiff owns and holds the Promissory Note (¶¶ 59-60 and Am. Compl. Exhibit F (DE 8-6));

(2) All conditions precedent to bringing this lawsuit have occurred, been performed or have been waived by Defendants (¶ 45);

(3) Corporate Defendants failed to pay any of the weekly minimum installment payments when due, and Plaintiff accelerated Corporate Defendants' indebtedness as allowed pursuant to paragraph 2 of the Promissory Note (¶61 and Am. Compl. Exhibit F (DE 8-6)); and

(4) As a result of Corporate Defendants' breach of the Promissory Note, the balance due on the note is $3,973,110.28 plus attorney's fees and costs (¶¶ 62-63).

### Count III – Civil Theft

### a. Elements

The California Penal Code provides, in pertinent part:

§484, defines "theft" as follows:

> Every person who shall feloniously steal, take, carry, lead or drive away the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him or her, or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money… is guilty of theft.

5

§532 addresses fraudulently obtaining money:

> **Every person who knowingly and designedly, by any false or fraudulent representation or pretense, defrauds any other person of money**, labor, or property, whether real or personal…, and by thus imposing upon any person obtains credit, **and thereby fraudulently gets possession of money or property**,… **is punishable in the same manner and to the same extent as for larceny of the money or property so obtained**. (emphasis added)

§490(a) states:

> Wherever any law or statute of this state refers to or mentions larceny, embezzlement, or stealing, said law or statute shall hereafter be read and interpreted as if the word "theft" were substituted therefor.

§503 defines "embezzlement" as follows:

> Embezzlement is the fraudulent appropriation of property by a person to whom it has been intrusted (sic).

§504(a) addresses property that is subject of a contract of purchase:

> **Every person who shall fraudulently remove, conceal or dispose of any** goods, chattels or effects, … or **any personal property or effects of another in his possession, under a contract of purchase not yet fulfilled, and any person in possession of such goods, chattels, or effects knowing them to be subject to such lease or contract of purchase who shall so remove, conceal or dispose of the same with intent to injure or defraud the … owner thereof, is guilty of embezzlement**. (emphasis added)

§506 addresses misappropriation by a fiduciary or contractor:

> **Every** trustee, banker, merchant, broker, attorney, **agent**, assignee in trust, executor, administrator, **or collector, or person otherwise entrusted with or having in his control property for the use of any other person, who fraudulently appropriates it to any use or purpose not in the due and lawful execution of his trust, or secretes it with a fraudulent intent to appropriate it to such use or purpose, and any contractor who appropriates money paid to him for any use or purpose, other than for that which he received it, is guilty of embezzlement . . . .** (emphasis added)

6

California Penal Code §496 states, in pertinent part:

> (a) Every person who buys or **receives any property** that has been stolen or **that has been obtained in any manner constituting theft** or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170…(emphasis added)

> (b) … [E]very person whose principal business is dealing in, or collecting, merchandise or personal property, and every agent, employee, or representative of that person, who buys or receives any property of a value in excess of nine hundred fifty dollars ($950) that has been stolen or obtained in any manner constituting theft or extortion, under circumstances that should cause the person, agent, employee, or representative to make reasonable inquiry to ascertain that the person from whom the property was bought or received had the legal right to sell or deliver it, without making a reasonable inquiry, shall be punished by imprisonment…

> c) Any person who has been injured by a violation of subdivision (a) or (b) may bring an action for three times the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and reasonable attorney's fees.

The phrase "any manner constituting theft" under section 496(a) includes theft by false pretenses. *Bell v. Feibush*, 212 Cal. 4th 1041, 1043 (2013). "[S]ection 496(c) permits [a]ny person who has been injured by a violation of subdivision (a) or (b) to bring an action to recover treble damages" *Id*. at 1045 (internal quotation marks omitted) (Plaintiff sued defendant alleging that he used false pretenses to induce her to loan him money. Trial court entered a default judgment against defendant, awarding plaintiff compensatory damages on breach of contract and fraud causes of action and treble damages on her action under California Penal Code §496. Appellate court affirmed and upheld the award of treble damages.)

"[A] promise made without intention to perform is a misrepresentation of a state of mind, and thus a misrepresentation of existing fact, and is a false pretense within the meaning of section 484 of the Penal Code." *People v. De Casaus*, 194 Cal. 2d 666, 671 (1961).

"To support a conviction of theft for obtaining property by false pretenses, it must be shown: (1) that the defendant made a false pretense or representation, (2) that the representation was made with intent to defraud the owner of his property, and (3) that the owner was in fact defrauded in that he parted with his property in reliance upon the representation." *People v. Gibson*, 275 Cal. 2d, 198, 200 (1969).

b. **Well-Pleaded Allegations**

The well-pleaded allegations of the Amended Complaint proving the elements of civil theft under California law are:

(1) Prior to September 17, 2019, Corporate Defendants received Payments[5] belonging to Plaintiff that Plaintiff had entrusted to them. Corporate Defendants fraudulently misrepresented to Plaintiff that such Payments had not been received (¶ 74). Corporate Defendants fraudulently appropriated such Payments for use(s) other than the lawful purpose for which those Payments had been entrusted by fraudulently redirecting Plaintiff's money that was required to be deposited into the Beneficial Owner Accounts into other unauthorized account(s) (¶ 76). Corporate Defendants removed, concealed, or disposed of the Payments with the intent to injure or defraud Plaintiff (¶ 78). Corporate Defendants were "collectors" as that term is defined in California Penal Code §506 (¶ 79). Prior to September 17, 2019. Corporate Defendants used false pretenses and/or false and fraudulent misrepresentations to induce Plaintiff to purchase Qualified Accounts Receivables ("QAR's") and to enter into the Loan Agreement rather than executing on Corporate Defendants' breaches and defaults of the original agreements (¶ 80);

---

[5] "Payments" are defined in the Amended Complaint as, "all insurance and other third-party payor payments related to a transaction concerning the Qualified Accounts Receivable, including all ACH/ETF payments and checks." Am. Compl. ¶32.

(2) Corporate Defendants knew at the time they entered into the Loan Agreement and Promissory Note that they had no intention of redirecting Payments into the respective Beneficial Owner Accounts or reinstating Plaintiff's view-only access on Defendants' operating accounts (¶ 82); and

(3) By engaging in the conduct described above, Corporate Defendants, jointly and severally, obtained and received the proceeds of QARs rightly belonging to Plaintiff in a manner constituting "theft" as defined in California Penal Code §§484(a), 490(a), 496(a), 503, 504(a), 506, and or 532, and/or concealed, withheld, or aided in concealing or withholding such funds from Plaintiff knowing that the funds were so obtained (¶ 84). Plaintiff suffered actual compensatory damages in the sum of $3,973,110.28 (¶ 85). Under California Penal Code §496(c), Plaintiff is entitled to judgment against Corporate Defendants for three times the amount of Plaintiff's actual damages (¶ 86), as well as its costs and reasonable attorneys' fees.

As a result of the personal guarantees executed by Defendants Tripoli and Klein in Plaintiff's favor, Defendants Tripoli and Klein unconditionally and irrevocably guaranteed all payments and all other sums payable by Corporate Defendants and the faithful and prompt performance by Corporate Defendants of the terms, conditions, and covenants of the Promissory Note and Loan Agreement (¶¶ 99-102). Defendants Tripoli and Klein are therefore jointly and severally liable to Plaintiff for the Corporate Defendants' civil theft and conversion of the QAR and for all of Plaintiff's attorneys' fees, costs and expenses (¶ 103).

### Count IV - Conversion

#### a. Elements

Under California law, the elements of a conversion claim are (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages. *See Lee v. Hanley*, 61 Cal. 4th 1225, 1240, 354

P.3d 334, 344 (2015). Absent from this formula is any element of wrongful intent or motive, as conversion is a strict liability tort. *Voris v. Lampert*, 7 Cal. 5th 1141, 1150, 446 P.3d 284, 290 (2019), reh'g denied (Oct. 23, 2019). That court stated:

> "A successful plaintiff in a conversion action is entitled to recover '[t]he value of the property at the time of the conversion, with the interest from that time, or, an amount sufficient to indemnify the party injured for the loss which is the natural, reasonable and proximate result of the wrongful act complained of and which a proper degree of prudence on his part would not have averted' plus 'fair compensation for the time and money properly expended in pursuit of the property.' Punitive damages are recoverable upon a showing of malice, fraud, or oppression."

### b. Well-Pleaded Allegations

The well-pleaded allegations of the Amended Complaint proving the elements of conversion under California law are:

(1) Each Corporate Defendant sold and transferred to Plaintiff all of its rights, title and interest in insurance claims that were, or were expected to be, approved for payment for medical goods or services from insurance companies and/or other third-party payors (the "Qualified Accounts Receivable" or "QAR")(¶ 26); that Plaintiff's purchase of the QAR were memorialized in Accounts Receivable Master Purchase Agreements ("MPAs") (¶ 28 and Am. Compl. Exhibits A-D, DE 8-1 – 8-4). From the dates of closing on the QAR, each of the Corporate Defendants was required to deposit all Payments that they received from healthcare payors, pharmacy benefits managers or other third-party payors on account of any QAR that Plaintiff has purchased (¶ 31) and immediately notify Plaintiff of any payor audit, recoupment, prepayment review, prior authorization, contract suspension, or contract termination related to any QAR (¶ 33 and MPAs at ¶¶ 15(l), (o));

(2) Corporate Defendants failed to deposit Payments that rightly belonged to Plaintiff into their respective Beneficial Owner Accounts and instead diverted or deposited such Payments into

10

their respective operating accounts or other unauthorized account(s) (¶¶ 35-39). As of September 17, 2019, Corporate Defendants had diverted to their own use and benefit Payments that belonged to Plaintiff in the collective sum of $3,973,110.28 (¶ 40). Corporate Defendants acknowledged that they had breached, and were in default of, their individual and collective obligations to Plaintiff and entered into the Loan Agreement and Promissory Note with Plaintiff, with Defendants Tripoli and Klein entering into a Personal Guarantee for the amounts due by the Corporate Defendants (¶¶ 41-42 and DE 8-5,6 and 7. Corporate Defendants defaulted on the Loan Agreement by, among other reasons, failing to deposit Payments into the Beneficial Owner Accounts (¶ 52). One or more of the Defendants have received Payments in specific, identifiable and separate electronic ACH/EFT transfers and/or Checks on account of QAR that were owned by Plaintiff and to which Plaintiff had a right to possess (¶88). The Payments were delivered to Defendants for safekeeping, intended to be segregated from each Defendant's other accounts (¶89). Defendants wrongfully and without authorization assumed exercise and control over the Payments to the exclusion of, or inconsistent with, Plaintiff's ownership of, and possessory rights in, such Payments (¶90). Additionally, all of the well-pleaded allegations supporting Plaintiff's cause of action for civil theft also support the element of the Corporate Defendants' conversion by a wrongful act or disposition of property rights, and are incorporated into this section; and

  (3) Plaintiff suffered compensatory damages in an amount equal to the value of the Payments, which is $3,973,110.28 (¶ 95). Defendants failure and refusal to deposit some or all of the Payments into the Beneficial Owner Accounts or turn over Payments to Plaintiff, Defendants acted with actual malice or gross negligence evidencing a willful, wanton, or reckless disregard

for the rights and interests of Plaintiff (¶ 97) that entitle Plaintiff to an award of punitive damages against Defendants, jointly and severally (¶ 98).[6]

### Count V – Breach of Personal Guarantee by Defendants Tripoli and Klein

a. **Elements**

Under California law, a claim for breach of guarantee is treated like any other breach of contract. *Gerritsen v. Warner Bros. Entm't Inc*., 112 F. Supp. 3d 1011, 1035 (C.D. Cal. Jan. 30, 2015) ("California courts apply the same [breach of contract] legal standard to breach of guaranty claims."). The elements of a cause of action for breach of contract under California law are set forth on page 4 above and incorporated into this section.

"Every suit on a guaranty agreement requires proof of the existence of the guaranty contract, default on the underlying contract by the debtor, and nonpayment of the amount due from the guarantor under the terms of the guaranty." *Branch Banking and Trust Co., v. Broaderip*, 2011 WL 3511774, *4 (S.D. Ala. 2011). Upon showing of a prima facie case to enforce the guarantee, the plaintiff is entitled to judgment pursuant to same. *Id*. at *6**.**

b. **Well-Pleaded Allegations**

The well-pleaded allegations of the Amended Complaint proving the elements of recovery on the Personal Guarantee are:

(1) On September 17, 2019, Defendants Tripoli and Klein executed the Personal Guarantee (¶ 100)(DE 8-7); pursuant to Section 2.01 of the Personal Guarantee, Defendants Tripoli and Klein unconditionally and irrevocably guaranteed all payments and other sums payable by Corporate Defendants under the Promissory Note and the faithful and prompt performance by Corporate Defendants of all of the terms and conditions, and of the Promissory

---

[6] Punitive damages are unliquidated. Plaintiff does not request a hearing on punitive damages but stands on its liquidated claims for compensatory and treble damages described in this motion.

Note and Loan Agreement to be performed by Corporate Defendants (¶101) plus prevailing party attorney's fees and costs, pursuant to Section 3.02 of the Personal Guarantee (¶ 102);

(2)  All conditions precedent to bringing this lawsuit have occurred, been performed or have been waived by Defendants (¶ 45);

(3)  Corporate Defendants, individually and collectively, have defaulted on, and are in breach of the Loan Agreement and Promissory Note (¶¶ 52-53, 61-63) They failed to pay the weekly minimum installment payments when due, and Plaintiff accelerated Corporate Defendants' indebtedness as allowed pursuant to paragraph 2 of the Promissory Note (¶61 (Am. Compl. Exhibit F (DE 8-6)).

(4) Plaintiff suffered actual compensatory damages in the sum of $3,973,110.28 (¶ 85). Defendants Tripoli and Klein are liable for those the Corporate Defendants' acts by virtue of the Personal Guarantee because they unconditionally and irrevocably guaranteed all payments **and** all other sums payable by Corporate Defendants (¶¶ 99-102). *See,* discussion at p. 9, *supra,* which is adopted here.

### Count VI – Constructive Trust

**a.  Elements**

"A constructive trust is a remedy which equity affords in order to effect justice. It arises through operation of law. 'Where one through fraud, abuse of confidence, or other questionable means gains property which in equity or good conscience he should not be permitted to retain, equity will raise a constructive trust.'" *Garner v. Pearson*, 374 F. Supp. 580, 586 (M.D. Fla. 1973) *citing Hallam v. Gladman*, 132 So.2d 198 (Fla. 2d. DCA 1961)**.**  A constructive trust is merely a tool of the Court to work out an equitable result in the simplest fashion; it is a 'fraud-rectifying' trust and not an 'intent-enforcing' trust. *Id.*

"The purpose of a constructive trust is to prevent the unjust enrichment of culpable parties." *Bender v. CenTrust Mortg. Corp.*, 51 F. 3d 1027, 1029 (11th Cir.1995). "The beneficiary of the trust is entitled to have [its] original interest restored in [its] property which was wrongfully taken." *Id.* (*citing Johnson v. Johnson*, 349 So. 2d 698, 699 (Fla. 4th DCA 1977)).

The law of the forum controls the remedy by which a party enforces [its] rights and [its] cause of action, regardless of where [its] cause of action arose. *Garner,* at 584. Thus, Florida law applies. Under Florida law, "[t]he four elements that must be established for a court to impose a constructive trust include: (1) a promise, express or implied; (2) a transfer of property and reliance thereon; (3) a confidential relationship;[7] and (4) unjust enrichment." *Castetter v. Henderson*, 113 So. 3d 153, 155 (Fla. 4th DCA 2013).

"The term 'fiduciary or confidential relation,' is a very broad one. It has been said that it exists, and that relief is granted, in all cases in which influence has been acquired and abused—in which confidence has been reposed and betrayed. The origin of the confidence is immaterial. The rule embraces both technical fiduciary relations and those informal relations which exist wherever one man trusts in and relies upon another." *Quinn v. Phipps*, 113 So. 419, 420 (Fla. 1927).

### b. Well-Pleaded Allegations

The well-pleaded allegations of the Amended Complaint proving the elements entitling Plaintiff to the imposition of a constructive trust against Defendants are:

---

[7] One court in this District has held that a constructive trust claim should not be dismissed for the absence of a confidential relationship, noting that "[t]he Florida Supreme Court expressly has held that a confidential relationship is not a necessary prerequisite to the imposition of a constructive trust." *Adelphia Cable Partners, L.P. v. E & A Beepers Corp.,* 188 F.R.D. 662, 667 (S.D.Fla.1999) (King, J.) (citing *In re Estate of Tolin,* 622 So.2d 988, 990 (1993)).

(1)  Corporate Defendants expressly agreed to all of the terms, conditions and covenants contained in the the Loan Agreement and Promissory Note (¶ 42) and that Individual Defendants Tripoli and Klein expressly agreed to all of the terms, conditions and covenants contained in the Personal Guarantee *Id.*

(2)  All of the well-pleaded allegations supporting Plaintiff's causes of action for civil theft and conversion also support the remedy of the imposition of a constructive trust, and those allegations are incorporated into this section;

(3)  Plaintiff had entrusted Corporate Defendants to receive Payments and to remit them to Plaintiff by directing all Payments on account of QAR owned by Plaintiff into the respective Beneficial Owner Accounts (¶ 74). Corporate Defendants fraudulently appropriated such Payments for a use or uses other than the due and lawful purpose for which those Payments had been entrusted (¶ 25) and

(4)  The retention by any or all of the Defendants of the Payments or proceeds thereof is an unjust enrichment (¶ 107).

**Damages**

a.  **Actual damages**. Plaintiff's actual damages are liquidated in the amount of $3,973,110.28 exclusive of interest, costs and attorney's fees. (¶¶ 40, 56, 62, 95) (the "Actual Damages"). Corporate Defendants are liable for breach of the MPA, Loan Agreement, conversion, civil theft, breach of the promissory note under California law. Tripoli and Klein are liable for conversion and breach of the Personal Guarantee in the amount of the Actual Damages. The Individual Defendants are also liable for all of Corporate Defendants' obligations, including the additional statutory damages below, pursuant to the Personal Guarantee.

b.  **Defendants' liability for additional statutory damages.** The amount of Actual Damages should be trebled against all defendants under California Penal Code §496 (c) ("Every person

who has been injured by a violation of subdivision (a) or (b) may bring an action for three times the amount of actual damages, if any, sustained by the plaintiff…") (¶72). Due to Defendants' violations of the California Penal Code as outlined above, Plaintiff's Actual Damages of $3,973,110.28 are trebled, entitling Pharma Funding to statutory damages of $11,919,330.80.

The breach of contract, conversion, civil theft, promissory note and breach of guarantee causes of action each provide for the imposition of at least the amount of Actual Damages. Plaintiff recognizes, without conceding, that in certain situations a double recovery is not permitted, and Plaintiff may only recover once for the Actual Damages caused by Defendants. However, under California law, Plaintiff may get a judgment for the amount of its actual damages under multiple theories, including breach of contract and treble damages under California's civil theft statute. See *Bell v. Feibush*, 212 Cal. App. 4th 1041, 151 Cal. Rptr. 3d 546 (2013) (default judgment granted on multiple theories of recovery and Plaintiff is permitted to collect treble damages authorized by California Penal Code § 496(c)). Plaintiff requests a finding of liability on all causes of action, a finding of Actual Damages of $3,973,110.28, and judgment against Defendants for treble damages in the amount of $11,919,330.80.

Plaintiff is entitled to recover its reasonable attorney's fees under all written documents in this case[8] as well as California Penal Code Penal Code §496(c), quoted above.

    c. **California law and contract documents authorize 10% pre-judgment interest; federal law authorizes post-judgment interest.**

When jurisdiction is founded on diversity, as is the case here, state law governs the award of pre-judgment interest, while federal law determines post-judgment interest. *Washington Mut. Bank v. Crest Mtg. Co.*, 418 F.Supp.2d 860, 862 (N.D. Tex. 2006). Here, because the Loan Agreement specified that California law would govern, the Court should apply California law

---

[8] *See,* Exhibits DE 8-1 through 8-7.

regarding pre-judgment interest. The Loan Agreement and Promissory Note set interest at 10%; therefore, the interest rate is 10% per annum. Interest is recoverable from the time of the breach when the amount of money due is liquidated or from the time it becomes liquidated. *Moreno v. Jessup Buena Vista Dairy*, 50 Cal.App.3d 438, 448 (1976).

As of September 17, 2019, Corporate Defendants had diverted to their own use and benefit Payments rightly belonging to Pharma Funding, the sum of $3,973,110.28 (the "Collective Debt"), with each Corporate Defendant having diverted Payments belonging to Pharma Funding in the following sums (¶ 40): FLTX-$1,676,343.63; Reem-$1,730,728.67; Sheefa- $422,388.19; A&K- $143,649.79.

These amounts were consolidated under the Loan Agreement (Exhibit E, DE 8-5). Defendants breached the Loan Agreement by failing to repay Payments that they had diverted prior to September 17, 2019, and any payments thereafter. As of September 17, 2019, the full amount of Actual Damages was due and owing.

Thus, Defendants owe interest beginning on September 17, 2019 and continuing through the date of judgment. Plaintiff is entitled to pre-judgment interest on the Actual Damages of $3,973,110.28 at 10% per annum totaling $507,933.83 as of January 26, 2021 (the date of this Motion) plus $1,088.52 per day until the date of judgment.[9]

Federal law controls post-judgment interest, governed by 28 U.S.C. § 1961(a). Plaintiff requests the Court to award it post-judgment interest on all amounts awarded at the legal rate.

---

[9] No case in California has decided the issue of whether pre-judgment interest should be imposed on additional statutory damages awarded under Cal. Penal Code § 496(c). Plaintiff assumes (without waiver of the right to so contend in the future) for purposes of this Motion and for the convenience of the Court, that California law would not permit the imposition of pre-judgment interest on the additional statutory damages authorized by Cal. Penal Code 496(c).

17

**Default Final Judgment in Similar Case.**

The District Court for the Northern District of Texas recently entered a default Final Judgment on similar facts involving the same Plaintiff and different individual and corporate defendants. In that case the defendants executed documents identical to the MPAs and similar to the Personal Guarantee signed in this case. (DE 8-1 through 8-4, 8-7). *Pharma Funding, LLC v. Verde Pharmacy & Medical Supply, LLC and Osaru Okoro*, Civil Action No. 3:20-cv-01731-N (N.D. Tex. 2020) (copy attached as **Exhibit 1**). Among other things, the District Court found that Plaintiff was entitled to treble damages under California Civil Code §496(c).

**Attachments to this Motion.**

In further support of this Motion, in addition to **Exhibit 1** referenced above, Plaintiff attaches a proposed Final Judgment (**Exhibit 2);** Declaration of Norman S. Segall in support of application for attorneys' fees (**Exhibit 3**); Declaration of Theodore R. Bayer in support of application for attorney's fees (**Exhibit 4**); Bill of Costs (**Exhibit 5**); and proof of service on all Defendants (**Exhibit 6**)**.**

WHEREFORE, Plaintiff Pharma Funding, LLC prays that the Court:

a. Grant Plaintiff's Motion for Entry of Default Final Judgment against Defendants FLTX Holdings, LLC, Reem Pharmacy, Inc., Sheefa Pharmacy, Inc., A & K Pharmacy, LLC, Kenneth Tripoli and Jeremy David Klein;

b. Enter Final Judgment submitted herewith against the defaulted Defendants FLTX Holdings, LLC, Reem Pharmacy, Inc., Sheefa Pharmacy, Inc., A & K Pharmacy, LLC, Kenneth Tripoli and Jeremy David Klein;

c. Find Defendants FLTX Holdings, LLC, Reem Pharmacy, Inc., Sheefa Pharmacy, Inc., and A & K Pharmacy, LLC, liable to Plaintiff for breaching the Loan Agreement (Count I of the

Am. Comp.), breach of Promissory Note (Count II of the Am. Comp.); civil theft (Count III of Plaintiff's Complaint), and conversion (Count IV of the Am. Comp.);

 d. Find Defendants Kenneth Tripoli and Jeremy David Klein liable to Plaintiff for civil theft (Count III of the Am. Comp.), conversion (Count IV of the Am. Comp.), and breach of the Personal Guarantee (Count V of the Am. Comp.), such liability to be joint and several for each and every of the Corporate Defendants' breach(es) of the Loan Agreement and Promissory Note, and for the Corporate Defendants' conversion and civil theft;

 e. Find that Plaintiff sustained Actual Damages in the amount of $3,973,110.28 as a result of the actions of Defendants FLTX Holdings, LLC, Reem Pharmacy, Inc., Sheefa Pharmacy, Inc., A & K Pharmacy, LLC, Kenneth Tripoli and Jeremy David Klein;

 f. Order Defendants FLTX Holdings, LLC, Reem Pharmacy, Inc., Sheefa Pharmacy, Inc., A & K Pharmacy, LLC, Kenneth Tripoli and Jeremy David Klein, jointly and severally—or alternatively, a several judgment against each Defendant—to pay to Plaintiff statutory damages, pursuant to California Penal Code § 496(c), in the amount of $11,919,330.80;

 g. Order that defaulted FLTX Holdings, LLC, Reem Pharmacy, Inc., Sheefa Pharmacy, Inc., A & K Pharmacy, LLC, Kenneth Tripoli and Jeremy David Klein pay Plaintiff its reasonable attorneys' fees, in the amount of $106,886.50.

 h. Award costs against the Defendants FLTX Holdings, LLC, Reem Pharmacy, Inc., Sheefa Pharmacy, Inc., A & K Pharmacy, LLC, Kenneth Tripoli and Jeremy David Klein in the amount of $1,588.50 jointly and severally;

 i. Award Plaintiff pre-judgment interest in the amount of $507,933.83 as of January 26, 2021 (the date of this Motion) plus $1,088.52 per day until the date of judgment.

 j. Award Plaintiff post-judgment interest on all amounts awarded at the legal rate;

k. Impose a constructive trust on the proceeds received by Defendants FLTX Holdings, LLC, Reem Pharmacy, Inc., Sheefa Pharmacy, Inc., A & K Pharmacy, LLC, Kenneth Tripoli and Jeremy David Klein with which they were unjustly enriched; and

l. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this January 26, 2021.

> LUBELL & ROSEN, LLC
> 1 Alhambra Plaza #1410
> Coral Gables, Florida 33134
> Tel. 305.655.3425
> Facsimile. 305.442-9047
> nss@lubellrosen.com
> cbh@lubellrosen.com
>
> s/ Norman S. Segall
> NORMAN S. SEGALL
> Florida Bar No. 158302
> CYNTHIA BARNETT HIBNICK
> Florida Bar No. 375705